UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LISA MARIE VILLELLA,**

    **Plaintiff,**

v.                                  Case No: 5:18-cv-42-Oc-WTH-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

**I.   BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> In May 2012, Plaintiff filed an application for Disability Insurance Benefits (DIB), alleging an onset of disability as of March 3, 2012 (Tr. 257-60). The agency denied her application initially, upon reconsideration, and on February 6, 2017, by administrative law judge (ALJ) decision (Tr. 14-36, 86, 100). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on December 1, 2017 (Tr. 1-6). Plaintiff appeals the final decision pursuant to 42 U.S.C. § 405(g).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

(Doc. 17, p. 1).

Plaintiff was 52 years old at the time of the ALJ's decision (Tr. 272). Plaintiff has a high school education, and her past work experience included working as a receptionist and a teacher's aide. (Tr. 49). Based on a review of the record, the ALJ found that Plaintiff had the severe impairment of congenital polycystic kidney disease. (Tr. 20).

The ALJ found that the Plaintiff had the residual functional capacity ("RFC") to perform less than the full exertional level of sedentary work. The ALJ found:

> The claimant can lift ten pounds occasionally and less than ten pounds frequently. The claimant can stand and/or walk up to two hours in an eight-hour workday. The claimant can sit up to six hours in an eight-hour workday. She can occasionally climb but she must never climb ropes, ladders or scaffolds. The claimant can also occasionally bend, stoop and crouch. The claimant must avoid concentrated exposure to hazards, such as heights and machinery.

(Tr. 20).

Based upon the RFC, and relying upon the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing her past work as a receptionist as generally performed. The ALJ also found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as the representative jobs of food/beverage order clerk, document preparer, and table worker. (Tr. 28-29). Accordingly, the ALJ determined that Plaintiff was not disabled. (Tr. 29-30).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III.   DISCUSSION

Plaintiff raises four issues on appeal: (1) that the ALJ erred in finding that the Plaintiff could perform her past work as a receptionist as generally performed; (2) that the ALJ should have found Plaintiff disabled under Medical-Vocational Rule 201.14; (3) that the ALJ lacked substantial

evidence to support the finding that there are other representative jobs in the national economy that Plaintiff could perform; and (4) that the ALJ erred in failing to properly consider Plaintiff's medication side effects and the opinion of Dr. Wallis regarding the side effects.

### A.     The ALJ's Finding Regarding Plaintiff's Past Work

Plaintiff first argues that the ALJ erred in finding that Plaintiff could perform her past relevant work as a receptionist as generally performed, given that the evidence indicates this job involved significant cleaning duties and was actually a composite job.

The ALJ's decision reveals that the ALJ considered Plaintiff's past work as a receptionist and found that "Plaintiff was able to perform her past job as a receptionist as generally performed." (Tr. 28). Specifically, the ALJ found that "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 28). Plaintiff essentially argues that, because her past relevant work as a receptionist was actually a composite job also requiring significant cleaning duties, the ALJ erred in finding that she could do that work as "generally performed."

A claimant who can still perform her past relevant work is not disabled. *See* 20 C.F.R. § 404.1520(f). The claimant has the burden of establishing that he can no longer perform his prior work as the claimant actually performed it or as it is generally performed in the national economy. *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 884 (11th Cir. 2011). The ALJ must consider all the duties of a claimant's past work but may rely on the testimony of a VE regarding the "physical and mental demands of the claimant's past work." *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 884 (11th Cir. 2011).

Plaintiff argues that the ALJ erred because, according to Plaintiff, her past relevant work was a composite job—receptionist (DOT #237.367-038) plus additional cleaning duties. (Doc. 16,

- 4 -

p. 12). Beyond describing the vacuuming and cleaning duties, Plaintiff has not identified another job that comprises the additional job duties. Composite jobs "have significant elements of two or more occupations and, as such, have no counterpart in the DOT." SSR 82-61, 1982 WL 31387. The question of whether an individual can perform a composite job must be evaluated based on the particular facts of the case. SSR 82-61, 1982 WL 31387.

As to the past relevant work at issue, Plaintiff described this position as being a "desk clerk." (Tr. 318). She listed duties as answering phones, getting clients coffee and drinks, scheduling appointments, cleaning vacuum every day." (Tr. 318). She stated that she lifted laundry baskets and cases of water, but that the heaviest weight lifted was less than 10 pounds. (Tr. 318). Plaintiff also stated that the job required her to stand/walk for 6 hours as well as kneel and crouch for three hours in an eight-hour workday. Based upon this evidence, Plaintiff contends that the kneeling and crouching is not part of the receptionist job, and thus Plaintiff's cleaning duties constituted a significant part of her work, rendering the job a composite job.

At the hearing on November 8, 2016, the Vocational Expert testified that Plaintiff's past work included work as a receptionist, DOT No. 237.367-038, sedentary work skill level 4. (Tr. 72). The VE also testified that the receptionist job was not a composite job, and that she was a receptionist at a spa. (Tr. 73-74). The VE testified that a hypothetical individual with Plaintiff's RFC "can still do the receptionist position." (Tr. 73). Relying on that testimony, the ALJ found that "the claimant was able to perform her past job as a receptionist as generally performed." (Tr. 28).

Defendant is correct that the ALJ did not commit any reversible error on this issue because Plaintiff has not shown that she could not perform the job of receptionist as generally performed. In reaching this conclusion, the Court finds Plaintiff's composite job argument unavailing. The

claimant bears the burden of proving that he or she cannot return to his past relevant work. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013). The claimant must demonstrate an inability to perform his or her "past kind of work, not that he merely be unable to perform a specific job he held in the past." *See Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir.1986) (holding that although claimant had demonstrated that he could not perform his past job as a link belt operator at the pipe manufacturing factory, he did not demonstrate that he could not perform such jobs in general because he did not show that climbing and descending stairs is generally a requisite of such jobs). Additionally, Social Security Ruling 82-61 addresses the agency's process in situations where there is a composite job. Specifically, when there is a composite job, the situation "will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert." SSR 82-61, 1982 WL 31387, at *2.

  This is not a case in which evidence was lacking regarding Plaintiff's past relevant work, or one in which the combination of duties was such that it was not possible to determine how the job was usually performed. In this case, the ALJ asked a VE to testify as to Plaintiff's past relevant work. (Tr. 73-74). Having heard Plaintiff's testimony and reviewing the record, the VE testified that Plaintiff's past relevant work included the position of receptionist, that the position was not a composite job, and that an individual with her RFC could still perform the receptionist position. (Tr. 72-74). There is no factual support for Plaintiff's suggestion that her past relevant work, which was essentially that of a receptionist with additional duties, has no counterpart in the DOT. To the contrary, the VE easily identified the basic duties of the position as those of a receptionist.

Furthermore, Plaintiff makes no specific argument that she could not perform the job requirements of a receptionist as generally performed. At most, Plaintiff only demonstrated that she merely cannot perform a specific job she held in the past. *See Levie*, 514 F. App'x at 831. Plaintiff has not demonstrated "an inability to perform [her] past kind of work." *See id*. Moreover, the ALJ, relying on the VE's testimony, found that Plaintiff could perform the job of receptionist as generally performed. Accordingly, although Plaintiff may not have been able to perform her past relevant work as a receptionist at a spa as she actually performed it, Plaintiff has not established that she could not do the job of receptionist as it is generally performed. The Court, therefore, finds that the ALJ did not err in finding that Plaintiff could perform her past relevant work as a receptionist as it is generally performed.

### B.     The ALJ's Finding Regarding the Medical-Vocational Rules

Plaintiff next argues that the ALJ should have found Plaintiff disabled under Medical-Vocational Rule 201.14. Specifically, Plaintiff relies on her first argument and contends that, with a proper finding that the Plaintiff is unable to perform past relevant work, the ALJ should have found that the Plaintiff is disabled under the Medical-Vocational Rule 201.14, given that Plaintiff was 52 years old at the time of the date last insured. Plaintiff's argument relates to an apparent error in which the ALJ found that Plaintiff "was born on August 10, 1964 and was 52 years old, which is defined as a younger individual age 45-49, on the date last insured." (Tr. 28).

Defendant fails to address this issue in its brief, despite it being one of the four issues briefed by Plaintiff. Nonetheless, any potential error in regard to this issue is harmless due to the ALJ's finding at Step 4 that Plaintiff was capable of performing her past relevant work as generally performed. Having properly found that Plaintiff could perform her past relevant work as a

receptionist as generally performed, the ALJ did not need to perform a transferability of skills analysis.

### C. The ALJ's Finding Regarding Jobs in the National Economy

Plaintiff next argues that the ALJ erred in accepting the VE's testimony at Step 5 regarding jobs existing in significant numbers in the national economy that the Plaintiff could perform. Plaintiff contends that it was error for the VE to rely solely on third-party Job Browser Pro Software for providing job numbers for the document preparer job, and to use broad occupational employment statistics for the food and beverage order clerk and table worker job.

As with the prior issue, Defendant has also failed to address this issue in its brief. Nonetheless, any theoretical error on this issue is harmless due to the ALJ's finding at Step 4 that Plaintiff was capable of performing her past relevant work as generally performed. *See Sanchez v. Comm'r of Soc. Sec.*, No. 12–11762, 2013 WL 490029, *1 (11th Cir. Feb. 8, 2013) ("We have also declined to remand for express findings when doing so would be a wasteful corrective exercise in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision.").

### C. The ALJ's Consideration of Dr. Wallis's Opinion

Plaintiff next argues that the ALJ erred when considering Plaintiff's medication side effects and by improperly rejecting the opinion of Plaintiff's treating gastroenterologist, Dr. Wallis, regarding those side effects.

The law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Further, the opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of*

*Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41.

Here, Plaintiff contends that the ALJ erred by rejecting the opinion of Dr. Wallis regarding medication side effects. The ALJ explicitly accorded only minimal weight to Dr. Wallis's opinion that the medication side effects had a moderate effect on Plaintiff's ability to concentrate. (Tr. 27). As to the portion of Dr. Wallis's opinion regarding side effects, the ALJ stated, "[a]gain, there has been no documentation showing this nor has a mental status examination been performed to support the opinion regarding the side effects." (Tr. 27). The ALJ's conclusion in this regard follows three full paragraphs in which the ALJ explained why the overall medical records "do not demonstrate such extremes" as opined by Dr. Wallis. (Tr. 27). The ALJ thus references the inconsistency of Dr. Wallis's opinions with his own progress notes, his lack of indication regarding extreme limitations in the progress notes, and that Dr. Wallis's opinion is inconsistent with his notes reflecting routine treatment. (Tr. 27). The ALJ also noted the inconsistency of Dr. Wallis's opinions with the overall medical records, such as unremarkable examination findings during treatment at Inverness Family Care. (Tr. 987).

Indeed, as Defendant points out, Dr. Wallis's treatment notes fail to contain references to Plaintiff's mental status, other than benign findings. In July 2012, Plaintiff was found to be alert and oriented with intact cognitive function, good eye contact, and clear speech. (Tr. 841). In December 2012, Dr. Wallis noted that Plaintiff was doing well and appeared alert. (Tr. 838). Her

prescription for tramadol was renewed without any reference to medication side effects. (Tr. 838). In October 2014, Plaintiff was found to be alert, oriented, cooperative, and goal directed, and had clear speech and logical thought processes. (Tr. 915). Similarly, Plaintiff's pain specialist, Mark Fallows, D.O., noted that Plaintiff was alert and oriented times three (Tr. 869), and he made that finding consistently on follow-up examinations. (Tr. 862, 866, 868, 884, 934, 938, 942, 950, 956, 966, 968, 975, 980, 984). Importantly, Dr. Fallows also repeatedly noted that Plaintiff's medication "works well w/o significant adverse side effect." (Tr. 965, 968, 975, 980, 984).

Plaintiff's reliance upon her own self-reports regarding her medication side effects are not persuasive. These self-reports of her medication side effects were noted by the ALJ, but the ALJ ultimately found that her subjective complaints were not entirely consistent with the evidence of record. (Tr. 26). Thus, the ALJ properly rejected Dr. Wallis's opinion to the extent it relied upon Plaintiff's subjective complaints. *See Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x 660, 664 (11th Cir. 2010) (affirming ALJ's rejection of physician's opinion where opinion was based on claimant's discredited subjective complaints).

Taking all of this evidence into account, the undersigned finds that the ALJ's decision, including the RFC finding, is supported by substantial evidence of record. Thus, ALJ's decision should be affirmed because substantial evidence supports the ALJ's findings regarding Plaintiff's condition and her limitations. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."). The ALJ did not err in failing to credit the opinions of Dr. Wallis regarding Plaintiff's medication side effects.

**IV.     RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on February 8, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties